**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFERY HUGHES,** | : | |
| *Petitioner*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC ARMEL et al.,** | : | **No. 17-3309** |
| *Respondents.* | : | |

# O R D E R

**AND NOW**, this 17th day of July, 2018, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), the Motion for an Extension (Doc. No. 4), the Commonwealth's Response (Doc. No. 6), the Reply in Support (Doc. No. 7), the Report and Recommendation (Doc. No. 8), and Mr. Hughes' Objections (Doc. No. 10) it is hereby ordered that:

1. The Report & Recommendation (Doc. No. 8) is **APPROVED** and **ADOPTED**, but only regarding the failure to exhaust.

2. Mr. Hughes' Objections are **OVERRULED**.[1]

---

[1] Although Mr. Hughes does not contest his failure to raise these claims in his PCRA petition, he nevertheless argues that (1) his claims are exhausted because he submitted the claims on direct appeal and (2) the Court should review his claim anyway because he did not intentionally fail to exhaust his claims.

As to his first argument, the Report and Recommendation adequately addresses why Mr. Hughes has not exhausted his state remedies. He must raise these questions with the state court and have them adjudicated before a federal court may consider the claims. *See* 28 U.S.C. § 2254(c). Here, Mr. Hughes "has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. Although Mr. Hughes *may* be procedurally barred on state law grounds, this question has not been presented to the state court for consideration because Mr. Hughes withdrew his PCRA appeal. Therefore, because no state court has definitively ruled on this question, Mr. Hughes has not exhausted his state court remedies and the federal Court cannot hear the claim.

Mr. Hughes argues that this should not matter, and that "this issue should at least be considered before being written off." Objections at 3. The Court's holding today does not say that a federal tribunal can never hear Mr. Hughes' claims. The Court merely holds that Mr. Hughes must first present the questions here to the state court before the federal court may even consider the claims.

3.      The Motion for an Extension of Time (Doc. No. 4) is **DENIED** as **MOOT**.

3.      The Petition for Writ of *Habeas Corpus* (Doc. No. 1) is **DENIED.**

4.      There is no probable cause to issue a certificate of appealability.[2]

6.      The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

The parties argue over whether Mr. Hughes' claims are procedurally defaulted at the state court level. Because the state court never addressed that issue (that is, Mr. Hughes did not exhaust his claims on this point) the Court expresses no view on whether that is the case. State procedural default is a question for state law that the state courts must first determine. Mr. Hughes withdrew his PCRA petition before the state court could do so. Therefore, the state court must first be presented with the question of default before this Court can adjudicate the claim. Only once the state court has been fairly presented with issues of default (or declined to hear Mr. Hughes' claims on the grounds of default) can this Court consider such arguments.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Magistrate Judge Caracappa that there is no probable cause to issue such a certificate in this action.